# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LENS.COM INC., )
                Plaintiff, )   Case No.: 2:19-cv-00318-GMN-BNW
   vs. )
AIMCLEAR LLC, )   **ORDER**
                Defendant. )

Pending before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, to Transfer Venue under 28 U.S.C. § 1404(a), (ECF No. 5), filed by Defendant AimClear LLC ("Defendant"). Plaintiff Lens.com Inc. ("Plaintiff") filed a Response, (ECF No. 7), and Defendant filed a Reply, (ECF No. 8). For the reasons discussed below, Defendant's Motion is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

This case arises out of an alleged breach of contract between the parties. (Compl. ¶¶ 11–20, Ex. B to Notice of Removal, ECF No. 1-1). Defendant is a Minnesota-based company that provides digital advertising services. (*Id*. ¶¶ 8–9). Plaintiff is a Nevada, e-commerce company selling optical products, contact lenses, and contact lens accessories. (*Id*. ¶¶ 6–7). According to Plaintiff, Defendant's founder, Marty Weintraub, met with Plaintiff's Chief Marketing Officer, Ian Morrison, to discuss entering into a business relationship in November 2017. (*Id.* ¶ 3); (Resp. 4:22–5:2, ECF No.7). In January 2018, the parties executed a services agreement (the "Agreement"), the purpose of which was "for [Defendant] to provide digital marketing services, advertising campaigns, social media management services, and public relations for [Plaintiff]." (Compl. ¶ 11). As pertinent to this case, the Agreement contains the following

forum-selection clause: "Any action shall be venued in Duluth, St. Louis County, Minnesota, and shall be subject to Minnesota law." (Agreement at 3, Ex. A to MTD, ECF No. 5-1). Plaintiff alleges Defendant breached the Agreement by performing minimal social media work, failing to attract enough visitors to Plaintiff's website, failing to properly track traffic, and failing to perform public relations work. (*Id*. ¶¶ 15–19).

Plaintiff filed its Complaint on January 2, 2019, in the Eighth Judicial District Court of Clark County, Nevada. (*See* Compl. at 1). In its Complaint, Plaintiff brings the following causes of action against Defendant: (1) breach of contract; (2) unjust enrichment; and (3) breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 21–47). Defendant subsequently removed based on diversity jurisdiction. (Notice of Removal ("Notice") ¶¶ 1–8, ECF No. 1).

On February 27, 2019, Defendant filed the instant Motion to Dismiss, (ECF No. 5), arguing lack of personal jurisdiction. (Mot. to Dismiss ("MTD") 3:2–4:23, ECF No. 5). Alternatively, Defendant requests that the Court enforce the forum-selection clause contained in the Agreement, and transfer venue under 28 U.S.C. § 1404(a), to the U.S. District Court, District of Minnesota. (*Id.* 4:26–6:8).

## II. DISCUSSION

The Court will first address the issue of personal jurisdiction, followed by Defendant's alternative request for transfer of venue.

### A. Personal Jurisdiction

#### *1. Legal Standard*

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant raises the defense, the burden falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

The Due Process Clause requires that the nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). On the other hand, specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make "a prima facie showing of jurisdictional facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)). To make a prima facie showing, the plaintiff "need only demonstrate facts that if true would support jurisdiction." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). When analyzing such a 12(b)(2) motion, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co.*, 453 F.3d at 1154.

*1. Analysis*

In its Motion to Dismiss, Defendant argues that the minimal contacts Defendant has had with the State of Nevada do not support either specific or general jurisdiction. (MTD 4:7–23, ECF No. 5). Defendant asserts that its work for Plaintiff was performed by Defendant's employees in Minnesota, and further states that

> While [Defendant's] employees have presented at industry conferences in Las Vegas, and had very limited contacts with [Plaintiff's] representative during a couple visits to the State of Nevada . . . , such minimal contacts of a promotional nature should not be considered sufficient under these circumstances for *general jurisdiction*.

1  (*Id.* 4:10–16) (emphasis added).  Defendant's Motion does not contain legal analysis pertaining
2  to specific jurisdiction.
3  In its Response, Plaintiff argues that Defendant is subject to this Court's exercise of
4  specific jurisdiction because the case arises from Defendant's forum-related contacts. (Resp.
5  10:8–10, ECF No. 7).  Plaintiff details those contacts, and provides the declaration of its Chief
6  Marketing Officer, Ian Morrison in support thereof.  (*See* Morrison Decl., ECF No. 7-3).
7  Defendant replies that "its travel from Minnesota [to Las Vegas] was plainly undertaken
8  for general conference attendance, not for soliciting business with [Plaintiff] or with companies
9  based in Nevada.  Such attenuated and fortuitous contact is insufficient for jurisdiction
10 purposes." (Reply 4:8–13, ECF No. 8).  Defendant does identify any particular legal authority
11 in making this argument. (*See id.* 4:1–27).
12 Specific personal jurisdiction is established if a plaintiff can show: (1) the defendant has
13 performed some act or transaction within the forum or purposefully availed himself of the
14 privileges of conducting activities within the forum; (2) the plaintiffs claim arises out of or
15 results from the defendant's forum-related activities; and (3) the exercise of jurisdiction over
16 the defendant is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*  If the plaintiff
17 succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to
18 "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger*
19 *King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).
20 Under the first element of the specific jurisdiction test, the plaintiff must establish that
21 the defendant either (1) purposefully availed itself of the privilege of conducting its activities in
22 the forum or (2) purposefully directed its activities toward the forum. *See, e.g.*,
23 *Schwarzenegger*, 374 F.3d at 802.  "A purposeful availment analysis is most often used in suits
24 sounding in contract" and a "purposeful direction analysis, on the other hand, is most often
25 used in suits sounding in tort." *Id.*  Because Plaintiff alleges that the suit arises from a breach of

contract, the Court applies the purposeful availment analysis.

The Court finds that Plaintiff has demonstrated specific jurisdiction by making "a prima facie showing of jurisdictional facts." *Pebble Beach Co.*, 453 F.3d at 1154. Plaintiff has shown that Defendant routinely travels to Las Vegas to attend conferences and other industry-specific events to promote the company and solicit business. (*See, e.g.*, Ex. 1 at 2–67, ECF No. 7-4). In addition, Plaintiff submits that in 2015, its Chief Financial Officer, Mr. Morrison, met Defendant's representatives at the Las Vegas "Pubcon" convention. (Morrison Decl., ECF No. 7-3). At that time, Defendant's representatives "made it clear they wanted [Plaintiff's] Internet marketing business." (*Id.* ¶ 4). Mr. Morrison met with Defendant's representatives under similar circumstances again in 2016. (*Id.*). Plaintiff maintains that in 2017, Defendant's founder, Marty Weintraub, "personally met with [Mr. Morrison] to once again solicit [Plaintiff's] business and propose that [Plaintiff] use [Defendant's] services for its online digital marketing and other needs[.]" (*Id.* ¶ 7). Plaintiff states that Mr. Morrison and Mr. Weintraub subsequently had a breakfast meeting. (*Id.* ¶ 8). During that meeting, the two negotiated the specific details of a relationship between the parties, and agreed to continue negotiations by phone and e-mail. (*Id.*). As a result of said meetings and negotiations, the parties ultimately entered into the Agreement. (*Id.* ¶¶ 8–9). The Court finds that these facts satisfy prongs one and two of the specific jurisdiction analysis—namely, that (1) Defendant purposefully availed himself of the privileges of conducting activities within Nevada; and that (2) Plaintiff's claim arises out of or results from Defendant's forum-related activities. As such, the burden shifts to Defendant. *Burger King Corp.*, 471 U.S. at 476–78. Thus, Defendant must "present a compelling case" that the Court's exercise of jurisdiction would not be reasonable. *Id.*

The Court finds that Defendant does not present a compelling case that the Court's exercise of jurisdiction would not be reasonable. As discussed above, Defendant's Motion fails to address the question of specific jurisdiction. Moreover, Defendant's Reply contains some

analysis, but nevertheless lacks legal support. In sum, Defendant does not satisfy the third prong of the specific jurisdiction test. As such, Defendant has not met its burden, and its Motion to Dismiss for lack of personal jurisdiction must be **DENIED**. The Court will now address transfer of venue—Defendant's alternative request for relief.

### B. Transfer of Venue pursuant to 28 U.S.C. § 1404(a)

#### 1. Legal Standard

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). "Because a valid forum selection clause is bargained for by the parties and embodies their expectations as to where disputes will be resolved, it should be 'given controlling weight in all but the most exceptional cases.'" *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)).

A motion under § 1404(a) is the proper vehicle to enforce a forum-selection clause that points to a federal forum. *Atl. Marine Const. Co., Inc.*, 571 U.S. at 59. Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A valid forum selection clause changes a district court's § 1404(a) analysis in three ways. "First, the plaintiff's choice of forum merits no weight." *Id.* at 63. "Second, [the Court] . . . should not consider arguments about the parties' private interests." *Id.* at 64. The Court "may consider arguments about public-interest factors only." *Id.* And "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* The third change is that, "when a party bound by a

forum-selection clause flouts its contractual obligation and files suit in a different forum, § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64–65.

### *2. Analysis*

As discussed above, the parties entered into an Agreement containing a forum-selection clause, which the Court presumes valid. *Doe* 1, 552 F.3d at 1083. The clause provides the following: "Any action shall be venued in Duluth, St. Louis County, Minnesota, and shall be subject to Minnesota law." (Agreement at 3, Ex. A to MTD, ECF No. 5-1).

Plaintiff seeks to avoid the forum-selection clause and therefore Plaintiff bears a "heavy burden" to establish a basis on which the Court will find the Agreement's forum-selection clause unenforceable. *Doe 1*, 552 F.3d at 1083. To satisfy this burden, Plaintiff must establish that the public-interest factors overwhelmingly disfavor transfer. *Id.* The public-interest factors include "the administrative difficulties flowing from court congestion"; "the 'local interest in having localized controversies decided at home'"; "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; "the avoidance of unnecessary problems in conflicts of laws"; and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Although it is Plaintiff's heavy burden to establish that the forum-selection clause is unenforceable, Plaintiff fails to address any public-interest factors. Defendant, however, contends that only three of the factors are relevant: (1) potential congestion of the court system; (2) "the local interest in having localized controversies decided at home"; and (3) a desire to have the court most familiar with the applicable law handle the case. (MTD 5:13–19). Regarding the first factor, Defendant represents that "while both Districts are no doubt busy, there appear to be no dramatic differences that would compel a venue different than that which the parties contractually agreed." (*Id.* 5:20–6:2). As for the second factor, Defendant states that

it "does not appear to be at issue in this case, as there is nothing particularly 'localized' about Plaintiff's claims." (*Id.* 6:2–3). Regarding the third factor, Defendant contends that "it is also not at issue here, as the parties' [Agreement] calls for Minnesota law to govern their dispute." (*Id.* 6:3–5).

The only argument Plaintiff raises against enforcement of the Agreement's forum-selection clause it that the clause is permissive—not mandatory, and therefore, the clause allows Plaintiff to maintain its litigation before this Court. (*See* Resp. 7:19–9:20, ECF No. 7). Plaintiff contends the forum-selection clause is permissive because it does not contain exclusive language (*e.g.*, "must," "only," "sole," "exclusive") that would give rise to exclusive jurisdiction in any forum state. (*Id*. 9:1–5). Plaintiff asserts that the clause's use of the term "shall" merely confirms that Minnesota courts also have jurisdiction over any disputes between the parties. (*Id*. 9:10–12).

Citing Merriam-Webster's Dictionary and "common sense," Defendant replies that "shall" means "must," therefore the forum-selection clause is "plainly mandatory and enforceable." (Reply 2:10–19, ECF No. 8). Defendant also cites relevant Ninth Circuit case law. In *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762 (9th Cir. 1989), the forum-selection clause at issue provided: "Venue of any action . . . shall be deemed to be in Gloucester County, Virginia." *Id.* at 764. In finding that the clause was mandatory, the court explained that the clause's " language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia." *Id.*

A review of *Docksider* reveals substantial similarities between the instant forum-selection clause and the clause in *Docksider*. The instant clause employs the use of "any action" and "shall be," just as *Docksider*'s clause. "Any action" thus indicates *all* actions, and

"shall be" is mandatory language conveying that the only proper forum is Duluth, St. Louis County, Minnesota. In light of these similarities, the Court finds that *Docksider* is applicable here, and concludes that the instant forum-selection clause is mandatory and enforceable.

In sum, Plaintiff fails to meet its "heavy burden" to establish a "ground upon which [the court] will conclude the clause is unenforceable." *Doe 1*, 552 F.3d at 1083. In addition, Plaintiff does not show an exceptional circumstance that would disfavor a transfer. *In re Orange, S.A.*, 818 F.3d at 961. Accordingly, the Court **GRANTS** Defendant's request for transfer of venue. This case shall be transferred to the U.S. District Court, District of Minnesota, Duluth Division under 28 U.S.C. § 1404(a).

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 5), is **GRANTED in part and DENIED in part**. The Court denies Defendant's request that this matter be dismissed for lack of personal jurisdiction. However, the Court grants Defendant's alternative request that the case be transferred. The Clerk of Court is directed to **TRANSFER THIS CASE** to the District of Minnesota, Duluth Division under 28 U.S.C. § 1404(a) and close this case.

**DATED** this __28__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court